# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RAMIE CHAVEZ,

      Plaintiff,

v.                                                                      No. 1:19-cv-00661-WJ-JHR

STATE OF NEW MEXICO,
UNITED STATES ARMY,
c/o New Mexico National Guard,
DONALD J. TRUMP,
MICHELLE L. GRISHAM, and
KENNETH A. NAVA,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 18, 2019 ("Application"). For the reasons stated below, the Court **GRANTS** the Application, **DISMISSES** this case **without prejudice**, and **ORDERS** Plaintiff to show cause why the Court should not impose filing restrictions.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $3,600.00 in disability payments; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $5,111.00; (iv) Plaintiff has $325.00 in bank accounts and (v) Plaintiff has six persons who rely on her for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because her monthly expenses exceed her monthly income, she is unemployed, she only has a small amount of money in bank accounts, and six persons rely on her for support.

**The Complaint**

The Complaint asserts seven causes of action.

Count I:  Aggression and Symbolic Violence

The allegations indicate that Plaintiff was a member of the New Mexico National Guard. Defendant Nava is the "Adjunct General of the New Mexico National Guard." Complaint at 2. Plaintiff alleges that Defendant "Nava conspired with [four other persons] to discredit and villainize plaintiff through false statements utilized to detain, then involuntarily hold Plaintiff at the Raymond G. Murphy Veterans Hospital in direct violation of Army Regulation 6000-100 1.11

b.(4)." Complaint at 3. Plaintiff also alleges that Defendant Nava violated, coerced others to violate or conspired with others to violate various provisions of the Uniform Code of Military Justice. *See* Complaint at 4-5.

The Court dismisses Plaintiff's claims regarding Defendant Nava's alleged violations of the Uniform Code of Military Justice for lack of jurisdiction.

> Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment. This Court has played no role in its development; we have exerted no supervisory power over the courts which enforce it; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment.

*Burns v. Wilson*, 346 U.S. 137, 140 (1953); *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 810 (10th Cir. 1993) ("The military has its own independent criminal justice system governed by the Uniform Code of Military Justice").

Plaintiff also alleges that President Donald J. Trump made threatening statements about North Korea, Venezuela and certain immigrants. *See* Complaint at 5-6. The Court dismisses the claims against Defendant Trump for failure to state a claim because Plaintiff has not alleged how President Trump's statements harmed Plaintiff or what specific legal rights Plaintiff believes President Trump violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

<u>Count II: Violations of First, Eighth, and Fourteenth Amendments Rights</u>

Plaintiff asserts "Count II: Intentional Deprivation of Constitutional Rights U.S.C. Section 1983" and for supporting facts refers to the "preceding paragraphs." Complaint at 6. Page two of the Complaint states "Plaintiff brings this action alleging violations of the U.S.C. Section 1983 Deprivation of Constitutional Rights under the First Amendment, Eighth Amendment, [and] Fourteenth Amendment," but does not identify the specific rights she alleges were violated. While Plaintiff alleges that she was "falsely imprisoned" and that her "rights to a fair and unbiased trial were violated," the Court does not have jurisdiction over those claims because the allegations indicate those actions occurred pursuant to military law. Complaint at 3-4.

Count III:   Discrimination in Violation of Title VII of the Civil Rights Act of 1964

Plaintiff asserts a claim of "Intentional Discrimination Title VII of the Civil Rights Act of 1984." Complaint at 6. Title VII provides that it "shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1).

The Court dismisses Plaintiff's gender discrimination claims for failure to state a claim because Plaintiff does not allege any facts that Defendants discriminated against Plaintiff because of her gender. *See Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015) ("A prima facie case [of gender discrimination] generally requires a plaintiff to show . . . the challenged [adverse employment] action occurred under circumstances giving rise to an inference of discrimination").

Disability Discrimination

Plaintiff alleges she was subjected to disability discrimination, but does not assert a disability discrimination claim in any of the counts in her Complaint. *See* Complaint at 2-3

To the extent that Plaintiff is asserting a disability discrimination claim, the Court dismisses Plaintiff's disability discrimination claim for failure to state a claim because Plaintiff does not allege any facts that Defendants discriminated against Plaintiff because of her disability. *See E.E.O.C. v. Picture People, Inc.*, 684 F.3d 981, 985 (10th Cir. 2012) ("A prima facie case of disability discrimination under the ADA requires that the Employee . . . suffered discrimination by an employer . . . because of that disability").

Count IV: Retaliation

Plaintiff states she "filed charges of gender, disability discrimination, and retaliation with the Equal Opportunity representative on April 30th, 2018" and "additional complaints against [Defendant] Nava . . . for gender, disability discrimination, and retaliation on September 19th, 2018." Complaint at 3.

> To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between her opposition and the employer's adverse action.

*Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1215 (10th Cir. 2010).

> To establish a prima facie case of ADA [Americans with Disabilities Act] retaliation, a plaintiff must prove that (1) he "engaged in a protected activity"; (2) he was "subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity"; and (3) there was "a causal connection between the protected activity and the adverse employment action."

*Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1186-87 (10th Cir. 2016).

Plaintiff fails to state a claim of retaliation under Title VII and the Americans with Disabilities Act. Under "Count IV: Retaliation," the Complaint states: "Supporting Fact: Please see email dated May 4th, 2017 sent to Warren Maestas." Complaint at 6. Only one page in the 39 pages of attachments to the Complaint appears to be an email, and that page is largely illegible.

5

*See* Doc. 1-1 at 18. The Complaint does not allege that there is a causal nexus or connection between Plaintiff's activity and any adverse employment action.

Count V:  Fraud

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . ." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

Plaintiff's only allegation of fraud regarding a Defendant states: "On April 6th, 2018 [Defendant] Kenneth A. Nava and Clair B. Romero conspired to commit fraud via the deprivation of incapacitation pay owed to Plaintiff for the approved in the line of duty investigation for post-traumatic stress disorder." Complaint at 4, ¶ 11. The Court dismisses Plaintiff's fraud claim without prejudice because it fails to plead with sufficient particularity her claims of fraud and conspiracy. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) ("while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim").

Count VI:  Criminal Conspiracy

Plaintiff asserts "Criminal Conspiracy" but does not identify the federal statute she alleges Defendants violated. Nevertheless, Plaintiff fails to state a claim upon which relief can be granted because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

State of New Mexico and United States Army

Plaintiff lists the State of New Mexico and the United States Army as defendants in the caption of the Complaint but does not identify them as defendants in the "Jurisdiction" section of the Complaint where she identifies Defendants Trump, Lujan Grisham, and Nava with specificity. There are no factual allegations in the Complaint regarding the State of New Mexico or the United States Army.

Count VII: Negligence, Wrongful Act, or Omission

Plaintiff alleges that:

On May 4th, 2018 Michelle L. Grisham acted with negligence by refusing to address or acknowledge the May 6th, 2018 warning of the UCMJ article 107 violation in the memorandum dated April 30th, 2018, signed by Kenneth A. Nava. On November 28th, 2018 Michelle L. Grisham failed to act in order to pursue personal and professional advancement leaving Plaintiff falsely assured that the issue was fully resolved. To date, Michelle L. Grisham has failed to investigate, failed to protect, and failed to ensure advocacy of due process ensuring the abuse of process and allowing the territory of New Mexico to be used by the defendants to commit further acts of aggression, criminal conspiracy, and human rights violations against New Mexico constituents and international asylum seekers in direct violation of the United Nations Charter Article 1.

Complaint at 6-7. The Court, having dismissed the federal law claims, and noting there is no diversity jurisdiction, declines to exercise supplemental jurisdiction over the "Negligence, Wrongful Act, or Omission" claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction").

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Court, having dismissed the federal law claims and declining to exercise supplemental jurisdiction over the state-law claims, dismisses this case.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Prior to this case, Plaintiff has initiated five other civil cases in the District of New Mexico. The first case was dismissed because Plaintiff failed to state a claim. *See Chavez v. Republican Party Leadership*, No. 1:18-cv-01108-RB-KK (dismissed for failure to state a claim). Plaintiff voluntarily dismissed the other four cases. *See Chavez v. United States Army*, No. 1:18-cv-01145-LF-SCY; *Chavez v. Murphy*, No. 1:18-cv-01183-KK; *Chavez v. Nava*, No. 1:18-cv-01186-KBM-KK; *Chavez v. Trump*, 1:18-cv-01216-JHR-SCY. In each of the four cases that Plaintiff voluntarily dismissed, Court personnel expended time and effort opening the cases, e-filing Plaintiff's documents, and reviewing those documents. In three of the cases the United States Attorney filed documents. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed

9

attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating

that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 18, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

(iii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**